# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (hereinafter referred to as the "Agreement"), made on the 6th day of January, 2022 ("Effective Date"), is entered into by Amy Cook ("Ms. Cook"), and Hospice Care of Southwest Michigan, Inc. ("HCSWM").

## RECITALS

WHEREAS, Ms. Cook filed suit against HCSWM in the United States District Court for the Western District of Michigan, Southern Division, Case No. 1:21-CV-377 (the "Lawsuit");

WHEREAS, without admission of liability, the Parties have agreed to resolve the Lawsuit and all matters between them as provided in this Agreement.

## AGREEMENT

1. Dismissal of Lawsuit. The Parties agree to file a Motion for Settlement Approval, and a proposed Stipulation of Dismissal with prejudice and without costs, and to take all other actions necessary to secure dismissal of the Lawsuit with prejudice, within seven (7) days of receipt of the settlement payments. This Agreement shall be null and void if the court does not approve the Parties settlement.

2. Settlement Payments. In exchange for Ms. Cook signing this Agreement, HCSWM will pay the gross amount of $5,000.00 allocated as follows:

   a. HCSWM will pay Ms. Cook the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) in compromise of Ms. Cook's FLSA claim for back wages. HCSWM will issue an IRS Form W2 to Ms. Cook for this payment.

   b. HCSWM will pay Ms. Cook the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) in compromise of Ms. Cook's FLSA claim for liquidated damages under the FLSA. HCSWM will issue an IRS Form 1099 to Ms. Cook for this payment.

   c. HCSWM will pay make the settlement payments required under this paragraph by checks delivered to Paladin Employment Law PLLC, 5955 West Main Street, Kalamazoo, Michigan 49009 no later than 14 days after the Court approves the parties settlement.

   d. Ms. Cook agrees that HCSWM is not liable for the payment of any tax assessed against Ms. Cook in connection with this settlement. Rather, Ms. Cook agrees that any such tax shall be her sole responsibility. Ms. Cook agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by HCSWM by reason of the payments described in this Paragraph 2, Ms. Cook will pay HCSWM for that portion of said tax, penalty or liability that was her responsibility up to a maximum of $500.00. Nothing contained herein shall be

1

construed or relied upon as any advice or opinion by or on behalf of HCSWM regarding the tax treatment of the payments described in Paragraph 2 of this Agreement, and Ms. Cook hereby expressly acknowledges that she will rely solely on her own accountants, attorneys, or advisors for such advice or opinion.

3. Plaintiff's Release. Ms. Cook releases HCSWM, as defined above, together with its present, past or future directors, officers, employees, subcontractors, agents, attorneys, assigns, successors, affiliates, related entities, and insurers (collectively with HCSWM the "Released Parties"), from any and all claims, demands, charges, complaints, liabilities, obligations, actions, causes of action, suits, costs, expenses, losses, attorneys' fees, and damages of any nature whatsoever, known or unknown, arising out of an alleged violation of the Fair Labor Standards Act (FLSA).

    Ms. Cook acknowledges that she subsequently may discover facts in addition to or different from those that she now knows or believes to be true with respect to her employment with HCSWM, and that she may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to her employment with HCSWM. She acknowledges, however, that the Parties have negotiated, agreed upon, and entered into this Agreement in light of that situation. To the extent allowed by law, Ms. Cook waives any and all rights that she may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to claims known or suspected as of the date of her execution of this Agreement.

    Ms. Cook further acknowledges that this settlement is a fair and reasonable compromise of her FLSA claim.

4. No Admission of Liability. This Agreement is not an admission of liability, guilt or wrongdoing by any Party. The Parties acknowledge that the Parties do not believe or admit that any of them has done anything wrong or unlawful.

5. Attorney Fees. Each Party acknowledges that it will be responsible for their own attorneys' fees and costs.

6. Governing Law. Interpretation of this Agreement and its implementation shall be governed by the laws of the State of Michigan.

7. Integration. This Agreement prevails over prior communications regarding the matters contained herein between the signatories hereto or their representatives. This Agreement and all incorporated documents are an integrated agreement and contain the entire agreement regarding the matters herein between the signatories hereto, and no representations, warranties, or promises have been made or relied on by any signatory hereto other than as set forth herein.

8. Amendment. This Agreement may not be amended or modified except by a written instrument signed by the Parties or duly authorized representatives of the Parties.

Doc ID: 5557cef551398b131e8ca1fda50ca52b80f91630

9. Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

10. Severability. To the extent a Court determines that any provision of this Agreement is void or unenforceable, all other provisions of the Agreement shall remain in full force and effect.

11. Authority. Each Party represents and warrants that the person signing below has the authority to execute this Agreement on behalf of and to bind such Party as defined above.

12. Additional Documentation. The Parties agree to execute any and all additional or supplemental documentation and provide further assistance and assurances as any of the Parties hereto may be reasonably required to give full effect to the terms, conditions and intentions of this Agreement and to obtain a dismissal with prejudice of the Lawsuit.

13. Counterpart Execution. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all counterparts, when taken together, will constitute one and the same agreement. Signatures of Parties and their attorneys received by facsimile or by email shall be considered original signatures. All executed copies of this Agreement are duplicate originals, equally admissible as evidence.

14. Voluntary and Informed Execution. The Parties acknowledge and agree that they have fully read, completely understand and freely, knowingly and voluntarily enter into and execute this Agreement and the other agreements contemplated herein, and acknowledge that they have been represented and advised by counsel of their choosing or had ample opportunity to be represented by counsel during the pendency of the negotiations that resulted in the drafting and execution of this Agreement and the other agreements contemplated herein.

_01 / 13 / 2022_  
Date

_Amy Cook_  
Amy Cook

HOSPICE CARE OF SOUTHWEST MICHIGAN, INC.

_01 - 13 - 2022_  
Date

Its: Chief Executive Officer

3

Doc ID: 5557cef551398b131e8ca1fda50ca52b80f91630